UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUDY A. HARWELL,<br><br>                    Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                    Defendant. | NO:  CV-11-26-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 10, 13.  The Court has reviewed the motions, the memoranda in support, Plaintiff's reply memorandum, the administrative record, and is fully informed.

**JURISDICTION**

Plaintiff Judy A. Harwell protectively filed for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on August 31, 2006.  (Tr. 88-99.)  Plaintiff alleged an onset date of July 20, 2006, in both claims.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1  (Tr. 89, 96.)  Benefits were denied initially and on reconsideration.  (Tr. 53-56, 58-
2  61.)
3       On March 1, 2007, Plaintiff timely requested a hearing before an
4  administrative law judge ("ALJ").  (Tr. 62.)  A hearing was held before ALJ R.S.
5  Chester on December 9, 2008.  (Tr. 12, 20.)  Plaintiff was represented by counsel
6  Randy Fair at the hearing.  (Tr. 12, 20.)  Testifying at the hearing were Plaintiff
7  and Vocational Expert Daniel McKinney.  (Tr. 22-48.)
8       On February 4, 2009, ALJ Chester issued a decision finding Plaintiff not
9  disabled.  (Tr. 12-19.)  The Appeals Council denied review.  (Tr. 1-3.)  This matter
10 is properly before this Court under 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

12     The facts of this case are set forth in the administrative hearing transcripts
13 and record and will only be summarized here.  Plaintiff was forty-nine years old
14 when she applied for benefits and was fifty-one years old when ALJ Chester issued
15 his decision.  Plaintiff has been unemployed since suffering a myocardial
16 infarction and undergoing a quadruple bypass operation in 2006.  Plaintiff
17 complains of limited use of her right arm, pain in her right arm, limitations to her
18 knee and neck, and pain and discomfort caused by a uterine prolapse.
19
20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot,

considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her RFC and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the

national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ALJ'S FINDINGS

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 14.) At step one of the five-step sequential evaluation processes, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 20, 2006, the alleged date of onset. (Tr. 14.)

At step two, the ALJ found that Plaintiff has the following severe impairments: status-post coronary bypass surgery and complaints of shoulder pain. (Tr. 14.) At step three, the ALJ found that none of Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 or 20 C.F.R. (Tr. 15.)

At step four, the ALJ found that, other than limitations for significant overhead activities, the claimant had the residual functional capacity to perform light work, including the ability to perform sedentary jobs. (Tr. 15.) The ALJ found that Plaintiff could perform her past relevant work as a bartender. (Tr. 17.) The ALJ further found that Plaintiff could perform jobs that existed in substantial numbers in the national economy. (Tr. 17.) As a result, the ALJ found that Plaintiff was not disabled as defined under the Act. (Tr. 18.)

**ISSUES**

The question in this case is whether the ALJ's decision is supported by substantial evidence and is free of legal error. Plaintiff argues that the ALJ failed at step two to identify all of Plaintiff's severe impairments. Specifically, Plaintiff asserts that the ALJ failed to consider her cervical condition and uterine prolapse condition in his decision. Plaintiff also argues that the ALJ failed to properly credit Ms. Harwell's subjective testimony as to the severity of her symptoms.

**DISCUSSION**

**ALJ's Step-Two Analysis**

Plaintiff argues that the ALJ erred at step two of the five-step sequential process by failing to find that Ms. Harwell's neck pain and uterine prolapse impairments were severe impairments. Step two of the five-step sequential process requires an ALJ to determine whether the claimant has a medically severe impairment or combination of impairments. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). To satisfy step two's requirement, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908. Only "acceptable medical sources" can supply the evidence needed to establish the existence of impairment. 20 C.F.R. §§ 404.1513(a), 416.913(a). Acceptable

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

medical sources include licensed physicians and licensed or certified psychologists. §§ 404.1513(a)(1)-(2), 416.913(a)(1)-(2).

At step two, the ALJ must also look to the severity of any impairment. §§ 404.1520(c), 416.920(c). The severity inquiry at step two is "'a de minimis screen device [used] to dispose of groundless claims.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (alteration in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). Accordingly, an impairment is "'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb*, 433 F.3d at 686 (quoting *Smolen*, 80 F.3d at 1290).

The ALJ found that Ms. Harwell had the severe impairments of status-point post coronary bypass surgery and complaints of shoulder pain. (Tr. 14.) Step two is a screening function for unsupported claims, and Ms. Harwell's claims survived step two despite the fact that the ALJ did not find Ms. Harwell's other impairments severe. As the finding of a single severe impairment is enough to satisfy step two, the inclusion of additional severe impairments would have no effect on step two. Accordingly, any error for failing to include Plaintiff's other impairments at step two would be harmless.

Plaintiff's complaint appears to be that the ALJ's failure to find that Plaintiff's neck and uterine prolapse impairments were severe at step two impacted

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

the ALJ's RFC determination. However, in determining the RFC of a claimant, an ALJ is to consider all of the claimant's impairments, both severe and non-severe. §§ 404.1545(a)(2), 416.945(a)(2). The ALJ's decision reflects that he considered Ms. Harwell's neck and uterine prolapse impairments in determining her RFC. (Tr. 16.) Accordingly, the failure to include Ms. Harwell's neck and uterine impairments as severe at step two had no impact on the ALJ's RFC determination.

**ALJ's Residual Functional Capacity Determination**

As Plaintiff's challenge is best addressed as a challenge to the ALJ's RFC determination, the Court will analyze it as such. An RFC determination represents the most a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The RFC assessment is not a "medical issue" under the Regulations; it is based on all relevant evidence in the record, not just medical evidence. Id. The RFC determination represents dispositive administrative findings regarding a claimant's ability to perform basic work and may direct the determination of disability. 20 C.F.R. §§ 404.1546, 416.946; Social Security Ruling ("SSR") 96-5p. Because the RFC assessment is part of the sequential evaluation, critical to a finding of disability and eligibility for benefits, the final responsibility for determining a claimant's RFC rests with the Commissioner after consideration of the record in its entirety. Id. When RFC findings and final

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

determination reflect a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

In assessing the RFC, an adjudicator must consider all medical evidence provided. §§ 404.1545, 416.945. No special significance is given to a medical source opinion on the issues of RFC and disability, which are issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-5p; SSR 96-2p. While a treating source opinion is never entitled to controlling weight, these opinions may never be ignored. However, the ALJ need only explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

In support of her argument that the ALJ failed to adequately address Ms. Harwell's impairments, Plaintiff identifies in the record a myriad of diagnoses involving Plaintiff's arms, spine, and shoulder, and involving her uterine prolapse condition. ECF No. 11 at 10-11. The medical evidence in the record supports the finding that Ms. Harwell suffers from neck impairments and a uterine prolapse, but the medical evidence does not address the limitations these conditions impose on Ms. Harwell. Accordingly, the ALJ's opinion as to Ms. Harwell's limitations does not conflict with the medical evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

**ALJ's Assessment of the Credibility of Plaintiff's Symptom Testimony**

The evidence in the record supporting limitations that were not found by the ALJ comes from Ms. Harwell's subjective symptom testimony. When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's allegations. *Thomas*, 278 F.3d at 958-959; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). It is well settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain. "Many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider.   SSR 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find that the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.*

In this case, the ALJ found that Ms. Harwell's medically determinable impairments could cause the complained of symptoms and found no affirmative evidence of malingering. (Tr. 17.) Therefore, the Court must determine whether the ALJ's rejection of Plaintiff's subjective symptom testimony is supported by clear and convincing evidence.

The ALJ accepted some of Ms. Harwell's limitation testimony. The ALJ included right arm restrictions in hypotheticals presented to the VE and preceded under the assumption that Ms. Harwell had limited use of her right arm. (Tr. 43-44.) However, the ALJ rejected Ms. Harwell's other symptom testimony related to her uterine prolapse and neck limitations because it was inconsistent with other evidence, including: (1) Ms. Harwell's preparing four children for school each morning, including walking them to school; (2) her cardiac records that showed no post-operative complications from heart surgery; (3) imaging of her shoulder that

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

showed only minimal or mild degeneration of her neck and shoulder; (4) the fact that her uterine procidentia gave rise to treatment only in January and February of 2008; and (5) the fact that treatment of her ongoing pain required only over-the-counter medication. (Tr. 16.)

The Court concludes that these reasons are clear and convincing evidence in the record that provide a basis for the ALJ to disregard Ms. Harwell's subjective symptom testimony. Accordingly, the hypothetical given to the VE reflected limitations supported by substantial evidence in the record.

## CONCLUSION

The limitations identified by the ALJ were supported by substantial evidence in the record. The ALJ did not reject any medical statements that directly addressed to Ms. Harwell's physical limitations. However, the ALJ's decision to reject Ms. Harwell's subjective symptom testimony was supported by clear and convincing reasons that were specifically identified and supported in the record. Accordingly, the ALJ's determination that Ms. Harwell is not disabled was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's motion for summary judgment, **ECF No. 13**, is **GRANTED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

3.  **JUDGMENT** shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order, enter Judgment for Defendant, provide copies to counsel, and to **CLOSE** this file.

**DATED** this 29th day of March 2013.

                               *s/ Rosanna Malouf Peterson*
                               ROSANNA MALOUF PETERSON
                               Chief United States District Court Judge